UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHN CLAY MILLER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CITY OF CLAREMORE, an Oklahoma** )<br>**Municipal Corporation, CLAREMORE** )<br>**POLICE DEPARTMENT, ACTING CHIEF** )<br>**MICKEY PERRY, LANCE JENSEN,** )<br>**Individually and in his Official Capacity** )<br>**as a Police Officer, and DUSTY SINGER,** )<br>**Individually and in his Official Capacity as** )<br>**a Police Officer,** )<br>)<br>**Defendants.** ) | Case No. 06-CV-0328-CVE-SAJ |

## OPINION AND ORDER

Now before the Court are a Motion to Dismiss Claremore Police Department (Dkt. # 10) and Defendants' Joint Motion to Dismiss Plaintiff's State Pendant [sic] Claims (Dkt. # 12). Plaintiff alleges that defendants violated his constitutional rights and violated Oklahoma law when officers beat him on September 5, 2004. Dkt. # 2. The Claremore Police Department ("CPD") moves the Court to dismiss the claims against it on the grounds that it is not a suable entity. All other defendants move to dismiss plaintiff's state claims based on plaintiff's failure to comply with the Oklahoma Government Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 157. Plaintiff failed to file a timely response to either pending motion.

**I.**

A motion to dismiss is properly granted when it appears beyond doubt that plaintiff could prove no set of facts entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ramirez v. Department of Corrections, 222 F.3d 1238, 1240 (10th Cir. 2000). For purposes of

making this determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. Id. However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Board of County Commissioners, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support its claims." Cooper Mfg. Corp. v. Home Indem. Co., 131 F. Supp. 2d 1230, 1232 (N.D. Okla. 2001).

## II.

Under Oklahoma law, the CPD does not enjoy a separate legal existence from defendant City of Claremore. See Okla. Stat. tit. 51, § 152. As such, the CPD may not be sued under 42 U.S.C. § 1983 or state law because it lacks legal identity apart from the municipality. See Ketchum v. Albuquerque Police Dep't., 958 F.2d 381 (10th Cir. 1992). "Sheriff's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)); see West By and Through Norris v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997) (holding that "naming of the Town's Police Department as a defendant adds nothing; it is almost certainly not a suable entity separate from the Town."). Absent evidence to the contrary, the Court finds that the CPD is not a suable entity and should be dismissed as a party defendant.

## III.

On June 26, 2006, plaintiff filed his complaint, alleging that defendants are liable for civil rights violations and for state pendent claims of assault and battery, intentional infliction of emotional distress, and negligent supervision and retention. Dkt. # 2. This case arises from events which occurred on September 5, 2004, when plaintiff was arrested following a high-speed pursuit.

Id. Under the GTCA, any person having a claim against the government must file notice within one year. Okla. Stat. tit. 51, § 151 et seq. Since the time of his incarceration on September 5, 2004, it is undisputed that the City of Claremore has not received a Tort Claim Notice, as required by the GTCA. In fact, plaintiff admits that his state claims are time-barred. Dkt. # 2, at 1. Plaintiff cannot circumvent the notice requirements of the GTCA through filing a federal claim. See Gurley v. Memorial Hosp. of Guymon, 770 P.2d 573, 576 (Okla. 1989) ("Compliance with the notice of claim provisions has been interpreted to be either a condition precedent to suit against a political subdivision, or a jurisdictional prerequisite to judicial intervention."). Accordingly, plaintiff's state claims should be dismissed.

### IV.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Claremore Police Department (Dkt. # 10) and Defendants' Joint Motion to Dismiss Plaintiff's State Pendant [sic] Claims (Dkt. # 12) are **granted**. Plaintiff's pendent state claims are dismissed as to all defendants, and defendant Claremore Police Department is dismissed. **The remaining parties and the Clerk of the Court are directed to correct the caption and the docket sheet.**

**DATED** this 9th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT